IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THURSTON WALLER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff HOWARD SILLS, | : | NO. 5:12-CV-479 (MTT) |
| Defendants | : | |
| _____ | : | **O R D E R** |

Plaintiff **THURSTON WALLER**, an inmate at the Putnam County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Parties instituting non-habeas civil actions must pay a $350.00 filing fee. 28 U.S.C. § 1914(a). Because Plaintiff has failed to pay said fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Plaintiff has been confined at the Putnam County Jail since June 16, 2012. A state court judge allegedly approved Plaintiff's proceeding *pro se* in his state court criminal action. Plaintiff complains that he has not been able to prepare his case adequately due to the jail having no law library. Plaintiff seeks injunctive relief in the form of a court order directing Putnam County Sheriff Howard Sills to allow Plaintiff access to a law library.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the United States District Courts, at least four of which, were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1] As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g). Plaintiff's allegations patently do not satisfy this standard.

Based on the foregoing, Plaintiff's apparent request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.[2] If Plaintiff

---

[1] *See Waller v. Clemons*, 5:06-cv-113-WDO (M.D. Ga. May 30, 2006); **Waller v. Hays State Prison**,1:06-cv-1107-WSD (N.D. Ga. May 22, 2006); **Waller v. Rice**, 1:06-cv-1108-WSD (N.D. Ga. May 22, 2006); and **Waller v. Johnson**, 5:06-cv-123-CAR (M.D. Ga. Apr. 28, 2006).

[2] Even if Plaintiff had not incurred three strikes prior to filing this lawsuit, his complaint would be subject to dismissal. Question eight of this Court's complaint form completed by Plaintiff asked whether any lawsuits he filed in federal court had been dismissed as frivolous, malicious, or for failure to state a claim (Compl. at 3). Although, as noted above, Plaintiff had four lawsuits so dismissed, he answered "No" to question eight. Because Plaintiff provided

wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $350.00 filing fee. As the Eleventh Circuit stated in **Dupree v. Palmer**, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

    **SO ORDERED**, this 6th day of December, 2012.

    S/ Marc T. Treadwell
    MARC T. TREADWELL, JUDGE
    UNITED STATES DISTRICT COURT

cr

---

false information to this Court, his complaint is subject to dismissal for "abuse of the judicial process." **Redmon v. Lake County Sheriff's Office**, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* section 1983 action); *see also, e.g.,* **Hood v. Tompkins**, 197 F. App'x 818, 819 (11th Cir. 2006) (holding that dismissal as sanction for providing false information on complaint form concerning prior filing history was not an abuse of discretion); **Shelton v. Rohrs**, 406 F. App'x 340, 341 (11th Cir. 2010) (same); **Young v. Secretary Fla. for Dept. of Corr.**, 380 F. App'x 939 (11th Cir. 2010) (same); **Copeland v. Morales**, 2011 WL 7097642, * 4 (S.D. Ga. Dec. 19, 2011) (dismissing action for providing false information about prior filing history).